UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 DEC 18 A 8: 42

US DISTRICT COURT
HARTFORD CT

ABDUL MUKHTAAR

V.

JOHN ARMSTRONG, ET AL.

PRISONER
CASE NO. 3:01CV1084 (DJS)(TPS)

## RULING ON MOTION TO DISMISS

The plaintiff, Abdul Mukhtaar, filed this civil rights action, pro se and in forma pauperis pursuant to 28 U.S.C. § 1915 against Commissioner John Armstrong, On Site Monitor Saladini, Warden Young, Captain Hockett, Nurse Thomas, Deputy Director Johnson and Correctional Officers Moore, Williams, Ritchie, Lefevers, Collins and Hall. On February 5, 2003, the court granted defendant Armstrong's motion to dismiss and dismissed all claims against defendant Saladini sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). (See doc. # 23.) On February 21, 2003, the plaintiff filed an amended complaint naming Warden Young, Captain Hockett, Nurse Thomas, Deputy Director Johnson and Correctional Officers Moore, Williams, Ritchie, Lefevers, Collins and Hall as defendants. On September 10, 2003, the court granted plaintiff's motion to withdraw all claims against defendants Young and Johnson. The remaining defendants, who are employed by the Virginia Department of Correction, move to dismiss the amended complaint on the ground that this court lacks personal jurisdiction over them. For the reasons discussed below, the motion to dismiss is denied and the case is transferred to the Western District of Virginia.

## Standard of Review

When personal jurisdiction is challenged through a motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff has the burden of showing that the court has jurisdiction over the defendant. See DiStephano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir. 2001) ("'When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant.'") (quoting Bank Brussels Lambert v. Fiddler, Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999). The plaintiff must make a prima facie showing, which may include affidavits and other evidence, that the defendants' conduct was sufficient for the court to exercise personal jurisdiction. See Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981) ("If the court chooses not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials.").

In ruling on a motion to dismiss, the court must construe the pleadings and affidavits in the light most favorable to the plaintiff, "regardless of the controverting evidence put forth by the defendant. " United State Surgical Corp. v. Imagyn Med. Tech., Inc., 25 F. Supp. 2d 40, 44 (D. Conn. 1998) (citing A.I. Trade Finance, Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d cir. 1993)). Vague and conclusory allegations, however, "are not enough to establish personal jurisdiction." Harris v. Wells, 832 F. Supp. 31, 34 (D. Conn. 1993) (citing Shaw v. American Cyanamid Co., 534 F. Supp. 527, 528 (D. Conn. 1987)).

A federal court may exercise personal jurisdiction over a defendant who is not a

citizen of the forum state only if the forum state's long-arm statute authorizes the exercise of such jurisdiction. See PDK Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997) ("In a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules 'if the federal statute does not specifically provide for national service of process'") (quoting Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990); Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 105 (1987) (because section 1983 does not provide for service of process beyond state borders, the district court requires authorization from the state long-arm statute before it may exercise personal jurisdiction over the out-of-state defendants). If the court concludes that the state's long-arm statute authorizes the exercise of jurisdiction over the defendant, the court must then determine whether the statute satisfies the "minimum contacts" requirement of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

Connecticut's long-arm statute, provides that a court may exercise jurisdiction over a nonresident defendant

> "who in person or through an agent : (1) Transacts any business within the state; (2) commits a tortious act within the state . . .; (3) commits a tortious act outside the state causing injury to a person or property within the state . . . if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses real property situated within the state; or (5) uses a computer . . . or a computer network . . . located within the state.

Conn. Gen. Stat. 52-59b(a).

## Discussion

The plaintiff alleges in his complaint that all of the remaining defendants are employed at the Wallens Ridge State Prison in Big Stone Gap, Virginia. The plaintiff claims that he was incarcerated at Wallens Ridge State Prison in December 2000. On December 3, 2000, he and other inmates left the dining hall and proceeded to the middle of the recreation yard. Defendant Hockett gave the inmates an order to go inside the building. When several inmates, including the plaintiff, attempted to exit the recreation yard, defendant Hockett gave an order to defendants Moore, Williams, Ritchie, Lefevers, Collins and Hall to fire on the inmates. The plaintiff suffered gunshots to his left eye and body. The plaintiff was not provided with medical attention for two days. The plaintiff was later found guilty of rioting. The plaintiff alleges the defendants used excessive force against him and that Nurse Thomas failed to provide him with medical care. He seeks monetary damages from the defendants.

The plaintiff sues the defendants only in their individual capacities. There are no allegations that any of the Virginia defendants ever personally transacted business in Connecticut, committed a tortious act within Connecticut, own property in Connecticut or used a computer or computer network located in Connecticut. In addition, the alleged use of excessive force, injuries to the plaintiff and alleged denial of medical care did not occur in Connecticut, but rather in Virginia.

In response to the motion to dismiss, the plaintiff argues that the Virginia Department of Correction houses Connecticut inmates pursuant to a contract it has with the Connecticut Department of Correction. He identifies the contract as the Interstate

4

Corrections Compact. The plaintiff claims that this court has personal jurisdiction over the defendant employees of the Virginia Department of Correction pursuant to the Interstate Corrections Compact.

The Connecticut Interstate Corrections Compact provides for the exchange of inmates between states. "The purpose of the compact is to provide for the mutual development and execution of such programs of cooperation [between states] for the confinement, treatment and rehabilitation of offenders with the most economical use of human and material resources." Conn. Gen. Stat. § 18-106, Art. I. Research reveals no authority in Connecticut's Interstate Compact giving this court personal jurisdiction over the Virginia defendants. The court concludes that the Interstate Corrections compact does not demonstrate individual contacts by any of the Virginia correctional officers with the State of Connecticut. See Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781 n. 13 (1983) ("Jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him . . . Each defendant's contacts with the forum State must be assessed individually") (citations omitted); Rush v. Savchuk, 444 U.S. 320, 332 (1980) (The requirements of International Shoe . . . must be met as to each defendant over whom a court exercises jurisdiction).

The plaintiff has failed to demonstrate that Connecticut General Statutes § 52-59b(a) authorizes the exercise of personal jurisdiction over the remaining Virginia defendants in this action.[1] Instead of dismissing this action, however, the court deems

---

[1] Because the court has concluded that the plaintiff has alleged no basis upon which this court may acquire personal jurisdiction, the court need not reach the question of whether Connecticut's long arm statute violates the Due Process Clause of the Fourteenth Amendment.

it appropriate to exercise its statutory and inherent authority to transfer the claims against the remaining Virginia defendants to the District Court for the Western District of Virginia.

A transfer may be made under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a). Section 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

The Supreme Court and Second Circuit have held that a district court has the power to transfer a case to another judicial district, whether or not the transfer court has personal jurisdiction over the defendant. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465 (1962) ("Nothing in th[e] language [of section 1406] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants."); SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172 (2d Cir. 2000) (finding that lack of personal jurisdiction can be cured by transfer to a district in which personal jurisdiction can be exercised under section 1404(a)); Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77, 80 (2d Cir. 1978)(holding that court had the power to transfer the case although it lacked personal jurisdiction over all of the defendants and finding such transfer to be in the interest of justice, in part because "transfer would apparently enable appellant to obtain personal jurisdiction over some or all of the defendants"). Transfer is favored to remove

procedural obstacles including "the lack of personal jurisdiction, improper venue and statute of limitations bars" and thus to permit adjudication on the merits. Sinclair v. Kleindienst, 711 F.2d 291, 294 (D.C. Cir. 1983).

The decision whether to transfer or dismiss a case pursuant to 28 U.S.C. § 1406 lies within the sound discretion of the district court judge. See Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir.1993). A district court may transfer a case on a motion by either party or sua sponte on its own motion. See Lead Industries Ass'n, Inc. v. Occupational Safety and Health Admin., 610 F.2d 70, 79 n.17 (2d Cir. 1979) ("the broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer sua sponte"); Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371-72 n.3 (2d Cir. 1966) ("where the motion asks only that the suit be dismissed, the court may properly, sua sponte, order it transferred [pursuant to 28 U.S.C. § 1406(a)]").

Here, transfer to the United States District Court for the Western District of Virginia is appropriate because the events giving rise to the claims against the remaining Virginia correctional officers occurred in Virginia. Second, the defendants, certain witnesses and other evidence relating to the plaintiff's claims are located in Virginia. Third, if the court were to dismiss the claims against the defendants in this action, any new action filed by the plaintiff in Virginia would most likely be barred by the three year statute of limitations governing section 1983 actions. Accordingly, in the interests of justice, the court transfers the claims against defendants Hockett, Moore, Williams, Ritchie, Lefevers, Collins, Hall and Thomas as set forth in the third amended complaint [doc. # 26] to the Western District of Virginia pursuant to 28 U.S.C. § 1406 (a).

## Conclusion

For the reasons stated above, the Motion to Dismiss [doc. # 31] is DENIED. The Clerk is directed to transfer the claims against defendants Hockett, Moore, Williams, Ritchie, Lefevers, Collins, Hall and Thomas to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1406(a) and to close this case in this court. It is certified that any appeal in forma pauperis from this order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a).

SO ORDERED.

Dated at Hartford, Connecticut, this 18th day of December, 2003.

Dominic J. Squatrito
United States District Judge